J-S37034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS MICHAEL MCBRIDE | |
| Appellant | No. 1711 WDA 2015 |

Appeal from the Judgment of Sentence October 22, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000247-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 08, 2016**

Douglas Michael McBride appeals from the judgment of sentence entered in the Court of Common Pleas of Butler County following a non-jury trial resulting in convictions of driving under the influence (DUI) and careless driving.  After our review, we affirm.

The trial court summarized the relevant facts of this matter as follows:

At 12:54 A.M. on November 15, 2014, Trooper [Mark] Hoehn was working the midnight shift along with Trooper James Long when the pair received a dispatch relating to a suspicious vehicle on Evans Road near Barton Road [in Butler, Pennsylvania].  After the troopers arrived on the scene at 1:12 A.M., it was clear to them that a vehicle had been involved in a single-vehicle accident.  This conclusion was based on observations that indicated the vehicle had been driven straight off of the roadway without swerving before it struck a stone wall.  The vehicle was locked when the troopers encountered it.  It was unoccupied.  Trooper Hoehn observed that there was an impact point on the windshield that contained hair.  From the perspective of the driver of the vehicle, the impact point was toward the center of the windshield.  As there was snow on the ground, Trooper

Hoehn searched for animal tracks near the crash site. No tracks were found. Based on the observation[s] made at the scene of the collision, Trooper Hoehn suspected that the collision resulted from either a sleeping or an impaired driver.

While on scene[,] the troopers ran the registration of the wrecked vehicle. It came back as belonging to [McBride] with an address of 349 Thorn Run Road. The troopers traveled to [McBride's] residence and arrived there at approximately 1:42 A.M. After [the troopers approached] the residence, Jade Benko answered the door. The troopers stepped inside. [McBride] was present. The troopers asked Ms. Benko about the accident. Ms. Benko responded by stating that she had been driving. Trooper Hoehn disbelieved Ms. Benko's statement because she did not exhibit injuries consistent with the impact point observed on the windshield of the wrecked vehicle. [McBride], Trooper Hoehn observed, did have a red, swollen face. Trooper Hoehn asked Ms. Benko to step outside. He advised her that giving a false report was a crime, and indicated that he did not believe she had been driving. Ms. Benko then indicated that she had not been driving. She stated that she had received a call from [McBride] approximately one hour before the troopers arrived during which [McBride] indicated that he had wrecked his vehicle.

Trooper Hoehn then reentered the residence and told [McBride] that he knew the truth. [McBride] then indicated that [he] had been driving and had wrecked his vehicle. When asked by Trooper Hoehn, [McBride] indicated that he was travelling from the Belmont II, a bar that is located off of Evans Road. [McBride] admitted to having consumed multiple alcoholic beverages. [McBride], Trooper Hoehn noticed, was severely and obviously impaired. His opinion was based on the strong odor of alcoholic beverages coming from [McBride], his slow, slurred speech, and his red, glassy eyes. Trooper Hoehn did not notice any indication that [McBride] had been consuming alcohol after the time of the accident. The troopers asked [McBride] to undergo field sobriety testing. [McBride] refused. At that point, the troopers attempted to place [McBride] in handcuffs. [McBride] became mildly combative, though the troopers were ultimately successful in arresting him. [McBride] was then transported to the State Police Barracks for chemical testing[, which revealed a blood alcohol content (BAC) of .22%].

Trial Court Opinion, 7/31/15, at 2-3.

Based on the foregoing facts, McBride was charged with general impairment DUI,[1] DUI with the highest rate of alcohol,[2] failing to drive on the right side of the roadway,[3] abandoning a vehicle on a highway,[4] abandoning a vehicle on public or private property,[5] careless driving,[6] and damage to unattended property.[7] McBride filed a motion to suppress evidence, asserting that Trooper Hoehn lacked probable cause to arrest him for DUI. A hearing was held on July 22, 2015, and the trial court denied the motion on July 31, 2015. A non-jury trial was held on August 28, 2015, after which McBride was found guilty of both DUI offenses and careless driving. On October 22, 2015, McBride was sentenced to six months of intermediate punishment.

McBride filed a timely notice of appeal and concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). McBride raises the following issues for our review:

_____

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3802(c).

[3] 75 Pa.C.S. § 3301(a).

[4] 75 Pa.C.S. § 3712(a).

[5] 75 Pa.C.S. § 3712(b).

[6] 75 Pa.C.S. § 3714(a).

[7] 75 Pa.C.S. § 3745(a).

1. Whether the lower court erred in determining that Trooper Hoehn had probable cause to believe that there was a presence of controlled substances or alcohol in [McBride's] blood at the time of the accident, such that subjection of [McBride] to chemical testing, and ultimately the arrest of [McBride], was reasonable or warranted?

2. Whether the lower court erred in finding [McBride] guilty of violating 75 Pa.C.S. §§ 3802(a)(1) (General Impairment) and (c) (Highest Rate of Alcohol), even in light of the fact that [McBride] testified to having imbibed alcoholic beverages after the accident and prior to the interaction with the state police, and in failing to require the Commonwealth to prove [McBride] had not imbibed alcohol in between the accident and the interaction?

3. Whether the lower court erred in finding [McBride] guilty of violating 75 Pa.C.S. §[§] 3802(a)(1) and (c) when the Commonwealth admittedly was unsure of when the accident occurred and, thus, [was] unsure of at what time [McBride] had been operating the vehicle?

Appellant's Brief, at 6.

McBride first claims that his suppression motion was improperly denied because the police lacked probable cause to arrest him for DUI. In addressing a challenge to the denial of a suppression motion, our review

is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Hoppert*, 39 A.3d 358, 361 (Pa. Super. 2012) (citation omitted).

It is well-established that police may arrest without a warrant in certain situations. "Both the Pennsylvania Supreme Court and the United States Supreme Court have consistently held police may arrest without a warrant where the arresting officer has at least probable cause to believe the person arrested has committed or is committing an offense." ***Commonwealth v. Williams***, 568 A.2d 1281, 1286 (Pa. Super. 1990). In a DUI case, "[p]robable cause exists where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." ***Commonwealth v. Hilliar***, 943 A.2d 984, 994 (Pa. Super. 2008). "Under the totality of the circumstances, a police officer must make a practical common sense decision whether, given all of the circumstances known to him at that time, . . . there is a fair probability that a crime was committed and that the suspect committed the crime." ***Commonwealth v. Holton***, 906 A.2d 1246, 1249 (Pa. Super. 2006).

Here, the record reveals that Troopers Hoehn and Long were dispatched because of a report of a suspicious vehicle. Based upon his training and observation of the scene, Trooper Hoehn suspected that the driver of the vehicle either had fallen asleep or was driving while impaired. After determining that McBride owned the vehicle, the troopers went to McBride's residence. McBride's girlfriend indicated that approximately one hour before the troopers arrived she had received a call from McBride indicating he had been in an accident. McBride admitted to drinking multiple

alcoholic beverages at a bar prior to wrecking his car. Trooper Hoehn noticed that McBride appeared to be severely intoxicated; he smelled of alcohol and had slow, slurred speech and red, glassy eyes. Considering the totality of the circumstances, Trooper Hoehn had probable cause to believe McBride had been driving while under the influence of alcohol and therefore had the authority to arrest him.[8] **Hilliar**, **supra**; **Holton**, **supra**.

Moreover, the case McBride cites in support of his position is easily distinguishable from the facts of the instant matter. McBride relies solely upon **Commonwealth v. Kohl**, 615 A.2d 308 (Pa. 1992), in which two cases were consolidated. The cases in **Kohl** both involved one-vehicle accidents in which no signs of impairment were present. On this basis, the Pennsylvania Supreme Court determined that the Commonwealth failed to establish probable cause existed to test the BAC of either driver. **Id.** at 313. Instantly, however, Trooper Hoehn noted that the vehicle was driven off the roadway in a manner consistent with an impaired driver. Trooper Hoehn also spoke with McBride and determined he had been drinking prior to the accident. Thus, the facts of **Kohl** are inapposite to this case, and Trooper Hoehn had a reasonable basis to believe McBride was driving while under the influence.

---

[8] We note that following his arrest, McBride consented to a chemical test of his BAC. **See** N.T. Trial, 8/28/15, at 16.

Next, McBride challenges his conviction for DUI on the basis that he drank alcohol in between the accident and the encounter with police, and the trial court should have required the Commonwealth to prove he had not imbibed alcohol during that time period. McBride also asserts that the Commonwealth could not prove when he had operated the vehicle because the police could not pinpoint the exact time the accident occurred. These arguments amount to challenges to the sufficiency of the evidence.

> When reviewing a challenge to the sufficiency of the evidence, we must determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering the entire trial record and all of the evidence received, and drawing all reasonable inferences from the evidence in favor of the Commonwealth as the verdict-winner. The Commonwealth may sustain its burden of proof by wholly circumstantial evidence.

*Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009) (citations omitted).

A conviction under section 3802(a)(1) requires proof that the defendant "drove while he was incapable of driving safely due to ingestion of alcohol." *Id.* In *Segida*, our Supreme Court held that the circumstantial evidence presented was sufficient where the investigating police officer had not seen the accident, but the defendant "admitted that he had been drinking at a local club, and that he was driving himself and his brother home when he lost control of his vehicle." *Id.* The instant case presents similar circumstances. Although Officer Hoehn did not see the accident take place, the nature of the accident was consistent with an impaired driver and

McBride admitted to driving his vehicle and drinking prior to the accident. As the Court noted in **Segida**, "the accident itself constitutes evidence that [the defendant] drove when he was incapable of doing so safely." **Id.** Thus, we find that the Commonwealth provided sufficient evidence to convict McBride under to section 3802(a)(1).

Conviction under section 3802(c) requires proof that the defendant was driving after imbibing a sufficient amount of alcohol such that the defendant's BAC is 0.16% or higher within two hours after the individual has been driving. 75 Pa.C.S. § 3802(c). However, evidence of BAC obtained more than two hours after the defendant has driven is sufficient to establish that element of the offense where (1) good cause is shown, and (2) the Commonwealth establishes that the defendant did not imbibe alcohol between the time he was arrested and the time the sample was obtained. **See** 75 Pa.C.S. § 3802(g)(1)-(2).

McBride argues that the evidence was insufficient because "the Commonwealth presented no testimony and no evidence that would establish that [McBride] did not imbibe any alcohol between the time of the accident and the time of the chemical test, combined with the fact that it cannot show at what time [McBride] last operated his vehicle." Appellant's Brief, at 24.

The Commonwealth concedes that it cannot prove when the accident occurred. According to a phone log, McBride began calling Benko for a ride at 11:44 p.m., and his BAC was not tested until 2:30 a.m. Thus, even if

McBride called Benko immediately after the accident, his blood was tested more than two hours after the accident. However, the Commonwealth demonstrated good cause for not testing McBride's BAC within two hours after McBride fled the scene of the accident, satisfying section 3802(g)(1). *See Commonwealth v. Eichler*, 133 A.3d 775, 786 (Pa. Super. 2016) (defendant's flight from accident scene and consequential delay in finding him constituted good cause for failure to obtain blood test within two hours after he stopped driving).

Next, the testimony presented at trial indicated that McBride did not drink alcohol after he was arrested, satisfying section 3802(g)(2). However, McBride argues that the Commonwealth had the burden of showing that McBride did not drink alcohol after the time of the **accident** and prior to the time the sample was obtained. In support of this argument, McBride relies on this Court's decision in *Commonwealth v. Segida*, 912 A.2d 841, 849 (Pa. Super. 2006) (stating Commonwealth failed "to preclude the possibility that Appellant ingested alcohol **after** the accident occurred"), *vacated on other grounds*, 985 A.2d 871 (Pa. 2009) (Superior Court's reversal of Section 3802(c) conviction not at issue). McBride's reliance on this statement is misplaced. *See Eichler*, *supra* at 786-87 ("The Commonwealth fulfilled section 3802(g)'s no-imbibing element by presenting the testimony of [police] officers during trial that Eichler did not drink alcohol between the time of his arrest and the time of his blood test."). The Commonwealth met the requirements of section 3802(g) regarding obtaining

BAC testing more than two hours after the accident and therefore presented sufficient evidence to convict McBride under section 3802(c).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016